UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LINDSAY HIEBERT, *individually and on behalf of all others similarly situated*,

                Plaintiff,

-against-

VIRTU FINANCIAL, INC., DOUGLAS CIFU, JOSEPH MOLLUSO, ALEX IOFFE, and SEAN GALVIN,

                Defendants.

CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, *individually and on behalf of all others similarly situated*,

                Plaintiff,

-against-

VIRTU FINANCIAL, INC., DOUGLAS CIFU, JOSEPH MOLLUSO, ALEX IOFFE, and SEAN GALVIN,

                Defendants.
------------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

23-CV-3770 (NGG)(PK)

23-CV-8123 (NGG)(PK)

**Peggy Kuo, United States Magistrate Judge:**

      The City of Birmingham Retirement and Relief System (the "Birmingham Retirement System") has filed a Motion to Consolidate two class action lawsuits, *Hiebert v. Virtu Financial, Inc., et al*, 23-CV-3770 ("Hiebert Action")[1] and *City of Birmingham Retirement and Relief System v. Virtu Financial, Inc., et al*, 23-CV-8123 ("Birmingham Action"), both involving alleged securities fraud by Virtu Financial, Inc. ("Virtu"), Douglas Cifu, Joseph Molluso, Alex Ioffe, and Sean Galvin (collectively,

---

[1] Unless otherwise noted, docket references are to the Hiebert Action.

1

"Defendants"). (Motion to Consolidate, Dkt. 32 in the Hiebert Action; Dkt. 5 in the Birmingham Action.) The complaints in these actions both allege that Defendants made false and misleading statements and omissions in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder. (Complaint in Hiebert Action ("Hiebert Compl.") ¶¶ 1, 63-78, Dkt. 1; Complaint in Birmingham Action ("Birmingham Compl.") ¶¶ 1, 131-37, Dkt. 1.)

The Birmingham Retirement System also seeks to be named lead plaintiff of the class action lawsuit and have its choice of lead counsel approved. (("Motion"), Dkt. 20.) Fred Farkash and Lindsay Hiebert have filed similar motions.[2] (Dkts. 15, 23.)

For the reasons stated below, the Birmingham Retirement System's Motion to Consolidate and its Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel are granted.

## BACKGROUND

Virtu is a financial services company that operates through market making and execution services. (Hiebert Compl. ¶ 2; Birmingham Compl. ¶¶ 7, 16-19.) As part of its operations, Virtu claims to have established information access barriers between different departments or individuals, which are designed to block the exchange of confidential information and prevent conflicts of interest. (Hiebert Compl. ¶ 2; *see* Birmingham Compl. ¶ 23.)

The Hiebert Complaint alleges that between March 1, 2019 and April 28, 2023 (the "Hiebert Class Period"), Defendants made false or misleading statements and failed to disclose that (1) Virtu maintained deficient policies and procedures with respect to its information access barriers; (2) Virtu had overstated its operational and technological efficacy as well as its capacity to block the exchange of confidential information between departments or individuals within the company; (3) these

---

[2] Bruce Gatward filed and subsequently withdrew his motion to be appointed as lead plaintiff. (Dkts. 18, 24.)

deficiencies increased the likelihood that Virtu would be subject to enhanced regulatory scrutiny; and (4) Defendant's public statements were materially false or misleading at all relevant times. (Hiebert Compl. ¶¶ 1, 3.)

The Birmingham Complaint alleges that between November 7, 2018 and September 12, 2023 (the "Birmingham Class Period"), Defendants made false or misleading statements and failed to disclose that (1) confidential trading information from Virtu's customers was accessible to essentially everyone at Virtu through a widely known and regularly shared generic username and password; (2) Virtu was unable to monitor which of its employees could view the confidential trading information and what information they viewed; (3) Virtu increased the number of users who could have simultaneous access to this confidential information; (4) Virtu failed to take reasonable steps to prevent or detect dissemination or abuse of this information; and (5) Virtu's policies and procedures were inadequate to prevent unauthorized use of trading information from Virtu's customers. (*See, e.g.*, Birmingham Compl. ¶¶ 1, 31.)

On February 17, 2023, after the market closed, Virtu filed an annual report on Form 10-K with the SEC, noting that the company was responding to SEC requests for information in connection with an investigation of aspects of Virtu's information access barriers. (Hiebert Compl. ¶ 4; Birmingham Compl. ¶¶ 91-92.) The following business day, February 21, 2023, Virtu Class A common stock fell 1.60%. (Hiebert Compl. ¶ 5; Birmingham Compl. ¶ 93.)[3]

On April 28, 2023, Virtu filed a quarterly report with the SEC reporting the company's financial and operating results for the quarter ended March 31, 2023, noting that absent a settlement with the SEC, it believed it may receive a Wells Notice. (Hiebert Compl. ¶ 6; Birmingham Compl. ¶¶ 94-95.) On May 1, 2023, the Wall Street Journal published an article revealing that the SEC

---

[3] The Hiebert Complaint alleges that Virtu Class A common stock fell $0.32 per share to close at $19.69, while the Birmingham Complaint alleges that Virtu Class A common stock fell $0.33 per share to close at $19.94 per share. (Hiebert Compl. ¶ 5; Birmingham Compl. ¶ 93.)

investigation was focused on deficiencies in Virtu's information access barriers. (Hiebert Compl. ¶ 8.) On May 3, 2023, the following business day, the price of Virtu Class A common stock fell.[4]

On May 19, 2023, the Hiebert Complaint was filed. That same day, Hiebert's counsel published notice of the lawsuit on PRNewswire in compliance with the Private Securities Litigation Reform Act (the "PSLRA").[5] (Notice of Pendency of Class Action ("PRNewswire Notice") at 2-4, Ex. A to Declaration of David Rosenfeld, Dkt. 22-1.) The deadline for filing motions was July 18, 2023. (*Id.* at 2.)

On July 18, 2023, four members of the purported plaintiff class filed motions to serve as lead plaintiff and to appoint lead counsel. (Dkts. 15, 18, 20, 23.) One of those members was the Birmingham Retirement System, who moved the Court for an Order appointing it to serve as lead plaintiff and approving its selection of Robbins Geller Rudman & Dowd LLP as lead counsel. (Motion.) The Birmingham Retirement System also filed a Memorandum of Law in support of the Motion (("Birmingham Retirement System Mem."), Dkt. 21), the Declaration of David A. Rosenfeld (("Rosenfeld Decl."), Dkt. 22), a copy of the PRNewswire Notice, a Certification in compliance with

---

[4] According to the Hiebert Complaint, Virtu Class A common stock fell $1.13 per share (5.68%) to close at $18.77 per share. (Hiebert Compl. ¶ 7.) According to the Birmingham Complaint, Virtu Class A common stock fell $2.91 (14.5%) to close at $17.14 per share. (Birmingham Compl. ¶ 96.)

[5] The PSLRA requires a plaintiff, within twenty days of filing a complaint, to

> cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i). "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published." 15 U.S.C. § 78u-4(a)(3)(B)(ii). PRNewswire is a suitable vehicle for meeting the statutory requirement of notice. *See, e.g., City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 WL 364570, at *5 (S.D.N.Y. Jan. 30, 2019) ("notice of that complaint was published in PRNewswire, a widely-circulated national business-oriented wire service, fulfilling the PSLRA requirements").

15 U.S.C. § 78u-4(a)(2) (Ex. B to Rosenfeld Decl., Dkt. 22-2), and the Birmingham Retirement System's Estimated Losses (("Estimated Losses"), Ex. C to Rosenfeld Decl., Dkt. 22-3).

On July 24, 2023, Bruce Gatward withdrew his motion for appointment as lead plaintiff and approval of lead counsel. (Notice of Withdrawal of Motion ("Gatward Notice"), Dkt. 24.) On August 1, 2023, Fred Farkash and Lindsay Hiebert filed "notice[s] of non-opposition to competing motions for appointment as lead plaintiff and approval of lead counsel." (Notice of Non-Opposition ("Farkash Notice"), Dkt. 26; Notice of Non-Opposition ("Hiebert Notice"), Dkt. 25.)

On July 28, 2023, Virtu filed its Form 10-Q for the quarter ended June 30, 2023, stating that Virtu had received a Wells Notice from the SEC, and that Virtu expected the SEC to file an action against it alleging violations of federal securities laws with respect to its information access barriers. (Birmingham Compl. ¶¶ 97-98.) The following business day, July 31, 2023, Virtu Class A common stock fell $0.34 per share (1.8%) to close at $18.56 per share. (*Id.* ¶ 99.)

On September 12, 2023, the SEC issued a press release announcing that it had filed charges against Virtu. (Birmingham Compl. ¶ 100.) Over the next four trading days, Virtu Class A common stock fell $1.07 per share (5.8%) to close at $17.39 per share on September 18, 2023. (*Id.* ¶ 101.)

On October 31, 2023, the Birmingham Retirement System filed the Birmingham Action. On November 3, 2023, the Birmingham Retirement System filed the Motion to Consolidate the Hiebert Action with the Birmingham Action. No opposition to the Motion to Consolidate has been filed.

## DISCUSSION

### I.   Motion to Consolidate

Pursuant to the PSLRA, a court "must decide any motion to consolidate prior to deciding a motion for appointment of lead plaintiff in a proposed securities class action." *Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104 (E.D.N.Y. 2005) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Federal Rule

5

of Civil Procedure 42(a)(2) provides that a court may consolidate actions before it if they "involve a common question of law or fact."

Both the Hiebert Action and Birmingham Action allege that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder. They allege the same underlying facts—that Defendants made false or misleading statements and failed to disclose deficiencies in Virtu's policies and procedures with respect to its information access barriers. (Hiebert Compl. ¶¶ 2-3; *see, e.g.*, Birmingham Compl. ¶ 31.) Both assert claims on behalf of investors who purchased Virtu Class A common stock at artificially inflated prices, which subsequently damaged members of the proposed class when the Virtu Class A common stock prices fell. (Hiebert Compl. ¶¶ 63-78; Birmingham Compl. ¶¶ 131-37.) Although the actions have "alleged slightly different class periods," the Court finds that this is not a compelling reason against consolidation, as the Birmingham Class Period (November 7, 2018 to September 12, 2023) completely encompasses the Hiebert Class Period (March 1, 2019 to April 28, 2023). *Olsen* 233 F.R.D. at 104-05 (collecting cases). In addition, "it is apparent that no party will suffer prejudice from consolidation, a fact confirmed by the complete absence of any opposition thereto." *Id.* at 105.

Because the Hiebert Action and Birmingham Action involve substantially similar claims and common questions of law and fact, consolidation is appropriate. *See* Fed. R. Civ. P. 42(a); *see, e.g.*, *Wilson v. Peloton Interactive, Inc.*, Nos. 21-CV-2369 (CBA)(PK), 21-CV-2925 (CBA)(PK), 2021 WL 7906555, at *2 (E.D.N.Y. Oct. 26, 2021) (consolidating securities class actions and collecting cases);

*Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 25 (E.D.N.Y. 2019) (same). Accordingly, the actions are hereby consolidated pursuant to Federal Rule of Civil Procedure 42(a).

## II. Appointment of Lead Plaintiff

Under the PSLRA, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of the class members," known as the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(i).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action … is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 77z-1(a)(3)(B)(iii)(I). The presumption "may be rebutted only upon proof by a member of the purported plaintiff class…" *Id.* § 77z-1(a)(3)(B)(iii)(II). "Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff." *Somogyi v. Organogenesis Holdings Inc.*, 623 F. Supp. 3d 24, 29 (E.D.N.Y. 2022) (citation and internal quotation marks omitted).

Here, the Birmingham Retirement System satisfies all three requirements.

The Birmingham Retirement System timely filed its motion in response to the notice of May 19, 2023, which advised putative class members, *inter alia*, of the right to move the Court for appointment as lead plaintiff by July 18, 2023. (Birmingham Retirement System Mem. at 4; PRNewswire Notice at 2.)

In determining which plaintiff has the greatest financial interest, "courts consider four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased

during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Clifford v. TRON Found.*, No. 20-CV-2804 (VSB), 2020 WL 3577923, at *2 (S.D.N.Y. June 30, 2020) (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005)); *see also Xiangdong Chen v. X Financial*, No. 19-CV-6908 (KAM)(SJB), 2020 WL 2478643 at *3 (E.D.N.Y. May 13, 2020). "The fourth factor, the approximate losses suffered, is considered to be the most important." *Gutman v. Lizhi Inc.*, No. 21-CV-317(LDH)(PK), 2021 WL 8316283, at *2 (E.D.N.Y. Apr. 28, 2021) (citations and internal quotation marks omitted).

The Birmingham Retirement System "suffered significant losses of over $500,000," an amount "more than eight times the losses claimed by the other lead plaintiff movants combined." (Birmingham Retirement System Mem. at 4; Estimated Losses at 2 (ECF pagination); Birmingham Retirement System Memorandum in Opposition at 1-2, Dkt. 27; Birmingham Retirement System Reply in Support at 1, Dkt. 28.) Farkash, Gatward and Hiebert all acknowledged that they did not possess the largest financial interest in the relief sought by the proposed class.[6] (Farkash Notice at 1-2; Gatward Notice at 1; Hiebert Notice at 1.) Because no other purported class member has shown a greater loss, I find that the Birmingham Retirement System has the largest financial interest in the relief sought.

Finally, the Birmingham Retirement System satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court need only consider "whether the proposed plaintiff has made a 'preliminary showing' that two Rule 23 requirements—typicality and adequacy—are satisfied." *Xiangdong Chen*, 2020 WL 2478643 at *4 (citing cases); *see also Omdahl v. Farfetch Limited*, No. 19-CV-8657 (AJN), 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020) (citing *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (CM), 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016)).

---

[6] Farkash suffered an "approximate loss of $52,698.02." (Farkash Memorandum in Support at 6, Dkt. 16.) Gatward "lost approximately $1,179.52." (Gatward Memorandum in Support at 5, Dkt. 19.) Hiebert had "losses of approximately $1,935." (Hiebert Memorandum in Support at 1, 6, Dkt. 23-2).)

8

"To establish typicality under Rule 23(a)(3), the party… must show that 'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)). The Birmingham Retirement System's claims are typical of the class because all class members purchased or acquired Virtu Class A common stock during the class period and allegedly suffered economic loss as a result of Defendants' false or misleading statements and omissions. *See, e.g.*, *Skeels v. Piedmont Lithium Inc.*, No. 21-CV-4161 (LDH)(PK), 2022 WL 1236797, at *6 (E.D.N.Y. Feb. 4, 2022) (movant's "claims are typical of the class because it purchased Piedmont stock during the class period and suffered losses that it claims were due to Defendant's false and misleading statements").

Adequacy "entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Flag Telecom Holdings*, 574 F.3d at 35 (citing *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)) (internal quotation marks omitted). The Birmingham Retirement System's interests are not antagonistic to those of the class. The case alleges violations of the Exchange Act based on class members relying on the same false misleading statements or omissions, resulting in financial losses. *Skeels* 2022 WL 1236797, at *6. With respect to the second prong of the adequacy inquiry, Robbins Geller Rudman & Dowd LLP is qualified, experienced, and able to conduct the litigation. The firm has served as co-lead counsel or sole lead counsel in several federal securities class action fraud matters in various jurisdictions. (*See* Birmingham Retirement System Mem. at 6-7.) These cases appear to have involved complex legal issues and large monetary amounts. (*See id.*) The Birmingham Retirement System therefore also satisfies the adequacy requirement.

Because no other class member has provided any proof to rebut the Birmingham Retirement System's showing, the presumption in the PSLRA that the Birmingham Retirement System is the most

9

adequate plaintiff stands. *See Somogyi* 623 F. Supp. 3d at 32 (presumption stood where no other members opposed the motion, "as the other movants filed notices of non-opposition to his application"); *see also Wilson* 2021 WL 7906555, at *5 (citation omitted).

### III. Appointment of Lead Counsel

The PSLRA requires that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(vi). Courts defer to a plaintiff's selection of counsel "and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class." *Xiangdong Chen*, 2020 WL 2478643, at *5 (quoting *Bray v. Frontier Commc'ns Corp.*, Nos. 17-CV-1617 (VAB), 17-CV-1672 (VAB), 17-CV-1759 (VAB), 17-CV-1825 (VAB), 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018)). As referenced above, the Birmingham Retirement System's chosen counsel, Robbins Geller Rudman & Dowd LLP, has substantial experience in litigating complex securities class actions on behalf of plaintiffs, and has served as the sole lead counsel in several prominent securities class actions. The Court, therefore, finds no reason to disturb the Birmingham Retirement System's selection of lead counsel.

### CONCLUSION

For the foregoing reasons, the City of Birmingham Retirement and Relief System's Motion to Consolidate is granted.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, *Hiebert v. Virtu Financial, Inc., et al*, No. 23-CV-3770 (NGG)(PK) and *City of Birmingham Retirement and Relief System v. Virtu Financial, Inc., et al*, No. 23-CV-8123 (NGG)(PK) are consolidated as *In re Virtu Financial, Inc. Securities Litigation*. The file in Case No. 23-CV-3770 (NGG)(PK) shall constitute the master file for every action in the consolidated action. The Clerk shall administratively close the other action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To." When a pleading applies to some, but not all, of the actions, the

document shall list, immediately after the phrase "This Document Relates To," the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

All securities class actions on behalf of purchasers of Virtu Financial, Inc., securities subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or as to any other provisions of this Order, must file an application for relief from this Order within ten days after the actions are consolidated. This order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

Further, the City of Birmingham Retirement and Relief System's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel is granted, the City of Birmingham Retirement and Relief System is appointed as lead plaintiff, and Robbins Geller Rudman & Dowd LLP is appointed as lead counsel. The motions of Fred Farkash and Lindsay Hiebert are denied.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         November 21, 2023